

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

February 19, 2015

**By ECF**

The Honorable Naomi Reice Buchwald
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse, Room 2270
500 Pearl Street
New York, New York 10007

> Re:   *United States* v. *Lena Lasher*,
>         12 Cr. 868 (NRB)

Dear Judge Buchwald:

The Government respectfully writes to request that the Court schedule a conference in the above-captioned matter at which the Court may engage in an inquiry as to whether the defendant continues to qualify for fully taxpayer-funded counsel.

As the Court is aware, the defendant was arrested on November 29, 2012.  The same day, the defendant filled out an affidavit, which the Government did not see and has not seen, in which she alleged that she qualified for taxpayer-funded counsel.  The Federal Defenders of New York were then appointed to represent the defendant.  Subsequently, pursuant to the Criminal Justice Act, new counsel was appointed.

Recently, the Government obtained records, which were shared with defense counsel, demonstrating that the defendant earns more than $130,000 annually, and has had this income for at least one year.  Given this income, and the defendant's ownership of a home and at least one automobile, the Government believes that the defendant either does not qualify for Criminal Justice Act counsel or should be ordered to contribute to the cost of such counsel.

The Government accordingly respectfully requests the Court to order a conference, at which further inquiry may be made.  *See* 18 U.S.C. § 3006A(c) ("If at any time after the appointment of counsel the United States magistrate judge or the court finds that the person is financially able to obtain counsel or to make partial payment for the representation, it may terminate the appointment of counsel or authorize payment . . . , as the interests of justice may dictate."); *see also United States* v. *O'Neil*, 118 F.3d 65, 74 (2d Cir.1997) ("the burden is on the defendant to show that he is unable to afford representation"); *United States* v. *Parker*, 439 F.3d 81, 96 (2d Cir. 2006) ("'It is the responsibility of the defendant to provide the court with sufficient and accurate information upon which the court can make an eligibility determination.'" (quoting *United States* v. *Anderson*, 400 F.Supp.2d 32, 35 (D.D.C. 2005))).

Hon. Naomi Reice Buchwald
February 19, 2015
Page 2

                             Respectfully submitted,

                             PREET BHARARA
                             United States Attorney

By:    s/ Daniel C. Richenthal
        Daniel C. Richenthal
        Kristy J. Greenberg
        Assistant United States Attorneys
        (212) 637-2109/2469

cc:    (by ECF)

       All Counsel of Record