UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

UNITED STATES OF AMERICA           :

   -v.-                                              :     S5 12 Cr. 868 (NRB)

LENA LASHER,                                :
  a/k/a "Lena Congtang,"
  a/k/k "Lena Contang,"                 :

                Defendant.        :

------------------------------------------------------------x

# THE GOVERNMENT'S MOTION *IN LIMINE* WITH RESPECT TO A LAY WITNESS'S CRIMINAL HISTORY

                              PREET BHARARA
                              United States Attorney
                              Southern District of New York
                              Attorney for the United States of America

Daniel C. Richenthal
Kristy J. Greenberg
Assistant United States Attorneys
- Of Counsel -

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| -v.- | :     S5 12 Cr. 868 (NRB) |
| LENA LASHER, <br>    a/k/a "Lena Congtang," <br>    a/k/k "Lena Contang," | : <br><br> : |
| Defendant. | : |

------------------------------------------------------------x

## THE GOVERNMENT'S MOTION *IN LIMINE* WITH RESPECT TO A LAY WITNESS'S CRIMINAL HISTORY

The Government respectfully files this motion *in limine* with respect to a potential lay witness's criminal history.

## DISCUSSION

**I.   THE DEFENDANT SHOULD BE NOT BE PERMITTED TO CROSS EXAMINE A LAY WITNESS REGARDING CERTAIN JUVENILE CONDUCT OR A PENDING CHARGE**

    **A.   Applicable Law**

        *1) Rule 609*

Rule 609 of the Federal Rules of Evidence sets forth the rubric for impeachment by evidence of a criminal conviction.

With respect to a conviction within the last ten years (or a conviction resulting in confinement within the past ten years), it (1) may be admitted to "attack a witness's character for truthfulness" if the crime was punishable by more than one year's imprisonment, and the admission is not barred by Federal Rule of Evidence 403; and (2) must be admitted for this purpose "for any crime regardless of the punishment . . . if the court can readily determine that

establishing the elements of the crime required proving—or the witness's admitting—a dishonest act or false statement." Fed. R. Evid. 609(a). The party "desiring to take advantage of automatic admission of a conviction under the second prong must demonstrate to the court that a particular prior conviction rested on facts warranting the dishonesty or false statement description." *United States* v. *Hayes*, 553 F.2d 824, 827 (2d Cir. 1977) (internal quotation marks omitted).

With respect to an older conviction, it is admissible only if: "(1) its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect; and (2) the proponent gives an adverse party written notice of the intent to use it so that the party has a fair opportunity to contest its use." Fed. R. Evid. 609(b).

With respect to a juvenile adjudication, a conviction is admissible only if (1) "an adult's conviction for that offense would be admissible to attack the adult's credibility"; and (2) "admitting the evidence is necessary to fairly determine guilt or innocence." Fed R. Evid. 609(d).

    2) Rule 608

Rule 608(b) of the Federal Rules of Evidence sets for the rubric for impeachment by evidence of specific instances of past conduct. The rule provides that such instances may be inquired into on cross-examination "if they are probative of the character for truthfulness or untruthfulness of: (1) the witness; or (2) another witness whose character the witness being cross-examined has testified about." Fed. R. Evid. 608(b). However, the rule precludes the admission of extrinsic evidence to prove specific instances of a witness's conduct in order to attack the witness's character for truthfulness. *Id.*

### 3) Rules 611 and 403

Rule 611 of the Federal Rules of Evidence states that that a court should "protect witnesses from harassment or undue embarrassment," and that cross-examination "should not go beyond the subject matter of the direct examination and matters affecting the witness's credibility." Fed. R. Evid. 611.

Evidence, including testimony sought to be elicited on cross-examination, generally must also satisfy Rule 403 of the Federal Rules of Evidence, which provides that a court may exclude evidence "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

### B.  Witness Criminal History

Yesterday, the Government met with a lay witness ("Witness-2") who the Government presently intends to call at trial. From review of Witness-2's criminal history record (commonly referred to as a "rap sheet"), the Government has learned of the following criminal history of Witness-2 in the Commonwealth of Pennsylvania:[1]

- In May 2004, when Witness-2 was a minor, Witness-2 was charged with theft and receipt of stolen property. Witness-2 was "not adjudicated delinquent," which the Government understands to be the equivalent of a finding of not guilty or a dismissal.

---

[1] In an abundance of caution, the Government facilitated Witness-2 obtaining counsel after meeting Witness-2, and intends to question Witness-2 regarding his or her prior conduct once that counsel has conferred with Witness-2. Pursuant to *Giglio* v. *United States*, 405 U.S. 150, 154 (1972), and its progeny, the Government is providing to the defendant today Witness-2's criminal history record. The Government has previously provided 3500 material to the defendant with respect to Witness-2.

3

- In July 2005, when Witness-2 was a minor, Witness-2 was charged with theft, receipt of stolen property, making an unsworn falsification, and making a false report to law enforcement. Witness-2 was "adjudicated delinquent" with respect to the first two of these charges (theft and receipt of stolen property), both misdemeanors.

- In December 2005, when Witness-2 was a minor, Witness-2 was charged with burglary and trespassing.[2] Witness-2 was "adjudicated delinquent" of trespassing, a misdemeanor.

- In September 2012, Witness-2, now an adult, was charged with retail theft. Witness-2 pleaded guilty and paid a fine.[3]

- In March 2015, Witness-2 was charged with retail theft. This charge is pending.

**C.    Discussion**

Based on present information, the defendant should be precluded from cross-examining Witness-2 regarding Witness-2's criminal history, to the extent set forth below.

<u>May 2004 Charges</u>

These juvenile charges did not result in a conviction. Nor should the defendant be permitted to cross-examine Witness-2 concerning the facts underlying Witness-2 being charged with theft and receipt of stolen property at that time. Such offenses—even assuming that the Witness-2 committed them, contrary to their disposition—do not necessarily involve conduct probative of truthfulness. Even if the alleged conduct here did, cross-examination should be

---

[2]    It appears that Witness-2 may have been charged initially with multiple counts, and subsequently was charged with one count of each offense.

[3]    It appears, under 18 Pa. Cons. Stat. § 3929(b), that this offense was a misdemeanor.

4

precluded under Rule 403, because the events at issue occurred more than a decade ago, when Witness-2 was a minor.

### July 2005 Charges

These juvenile charges resulted in an adjudication of delinquency with respect to theft and receipt of stolen property. While such a juvenile adjudication is not itself admissible, *see* Fed R. Evid. 609(d), based on present information, the Government does not object to the defendant cross-examining Witness-2 pursuant to Rule 608(b) regarding the events that led to these charges, in light of Witness-2 being originally charged also with making an unsworn falsification and making a false report to law enforcement.

### December 2005 Charges

These juvenile charges resulted in an adjudication of delinquency with respect to trespassing. Such a juvenile adjudication is not admissible. *See* Fed R. Evid. 609(d). Nor should the defendant be permitted to cross-examine Witness-2 regarding the underlying events, which occurred more than a decade ago, when Witness-2 was a minor.

### September 2012 Charge

This charge resulted in a misdemeanor conviction for retail theft. While the Government submits that this conviction may not otherwise be admissible, *see* Fed. R. Evid. 609(a) and 608(b), to the extent the Court precludes cross-examination of the defendant's pending charge for the same offense—as requested below—the Government does not object to cross-examination regarding this conviction.

Pending Charge

As discussed above, last month, Witness-2 was charged with retail theft. Cross-examination concerning this pending charge should be precluded.

The mere existence of a witness's arrest or charge is not a specific instance of conduct that is the subject of permissible cross-examination under Rule 608(b). "Arrest without more does not . . . impeach the integrity or impair the credibility of a witness. It happens to the innocent as well as the guilty. Only a conviction, therefore, may be inquired about to undermine the trustworthiness of a witness." *Michelson* v. *United States*, 335 U.S. 469, 482 (1948); *see also Daniels* v. *Loizzo*, 986 F. Supp. 245, 252 (S.D.N.Y. 1997) (quoting *Michelson* and excluding evidence of a plaintiff's arrests that did not result in convictions); *Kelly* v. *Fisher*, No. 86 Civ. 1691, 1987 WL 16593, at *2 (S.D.N.Y. Sept. 2, 1987) (same). In appropriate cases, a court may allow inquiry into an arrest for a crime that, if committed, necessarily would be probative of the witness's character for truthfulness, despite the fact that the arrest did not result in a conviction. However, the pending charge here is not such a charge.

Moreover, because the charge is pending, questioning regarding it is not the equivalent of asking a witness whether he or she committed a crime charged in the past, which did not result in a conviction. Rather, to allow the defendant to inquire about the underlying conduct of a pending charge would lead to Witness-2 invoking his or her Fifth Amendment right not to incriminate himself or herself with respect to this charge. If Witness-2 were to do so (and Witness-2's counsel has informed the Government that he expects that is what Witness-2 would do) the jury would, at best, be left only with the fact that Witness-2 has been charged, leading to speculation about the very things Witness-2 could not discuss—whether Witness-2 committed

6

the offense, if so, the nature of the offense, and why Witness-2 committed it. To blunt the impact of that speculation, the Government believes that it would be entitled to seek to introduce what retail theft means as a matter of Pennsylvania law, and what it does not, and possibly to seek to introduce evidence concerning the context of the charge itself. There is no reason to proceed down such a path where the charge itself does not indicate a lack of truthfulness. *See United States* v. *Belk*, No. 01 Cr. 180, 2002 WL 342585, at *4 (S.D.N.Y. March 4, 2002) (preluding cross examination regarding pending allegations; explaining that "[t]o provide the jury with information sufficient to weigh fairly the significance of the charge would delay the trial needlessly and distract the attention of the jury from the issues that are central to the criminal charges in this case").

In any event, questioning Witness-2 with respect to a pending charge—even if otherwise permissible—should be precluded both to "protect [the] witness[ ] from harassment or undue embarrassment," Fed. R. Evid. 611(a), and because any probative value from such questioning would be substantially outweighed by its prejudicial effect and by the risks of confusion, delay, and the wasting of time against which Rule 403 protects. This is particularly true because, as discussed above, the Government does not object to the defendant questioning Witness-2 about the events underlying Witness-2's July 2005 charges, nor, if its motion is granted, does the Government object to the defendant questioning Witness-2 concerning Witness-2's conviction for retail theft in September 2012—a conviction that the Government submits may not otherwise be admissible. The jury neither will be left with a material misimpression about Witness-2, nor will it be left to speculate.

## CONCLUSION

For the foregoing reasons, Government's motion *in limine* should be granted.

Dated: New York, New York
       May 1, 2015

                                          Respectfully submitted,

                                          PREET BHARARA
                                          United States Attorney
                                          for the Southern District of New York

                          By:    s/ Daniel C. Richenthal
                                Daniel C. Richenthal
                                Kristy J. Greenberg
                                Assistant United States Attorneys
                                (212) 637-2109/2469