

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

September 1, 2015

**BY ECF**

The Honorable Naomi Reice Buchwald
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse, Room 2270
500 Pearl Street
New York, New York 10007

      Re:    *United States* v. *Lena Lasher*,
                S5 12 Cr. 868 (NRB)

Dear Judge Buchwald:

      The Government respectfully writes in response to the defendant's letter of yesterday, August 31, 2015 ("Def. Ltr."), in which she renews certain objections to the Presentence Investigation Report. The Government does not believe it necessary to respond to all of the defendant's objections, some or all of which the Court may deem immaterial. As the Government noted in its sentencing memorandum, the Second Circuit has held that a "court is not obliged to waste its time making findings that would have no effect on the sentence." *United States* v. *Borrego*, 388 F.3d 66, 70 (2d Cir. 2004). The Government writes only to respond briefly to the defendant's assertion that she was not the "supervisor" of Palmer Pharmacy & Much More ("Palmer Pharmacy"), the second of the two pharmacies on which the evidence focused at trial. That assertion is baseless.

      The sole support for the defendant's assertion is her own testimony at trial. (Def. Ltr. 1 (citing sentence from defendant's direct examination).) That testimony, like so much of the defendant's testimony, was a fiction, designed to seek to deflect responsibility for the defendant's conduct. On cross examination, among other things, the defendant conceded that she repeatedly disciplined Steven Goloff, the individual who she claimed was the supervisor of Palmer Pharmacy, but steadfastly insisted that he nevertheless was *her* supervisor. (Trial Transcript ("Tr.") 1465:22-1468:19.) That was, and is, nonsensical.

      In any event, the defendant's insistence that she was not the supervisor of Palmer Pharmacy cannot be reconciled with all evidence except her own self-serving testimony— evidence the defendant does not acknowledge, much less explain why this Court should disregard. That evidence included:

Honorable Naomi Reice Buchwald
September 1, 2015
Page 2

- testimony from multiple employees that it was the defendant, not Steven Goloff, who supervised and ran the operations of Palmer Pharmacy down to the most minute level, both in person and through an extensive set of Internet-enabled video cameras (*e.g.*, Tr. 224:99-226:25, 390:3-16, 437:3-443:4, 757:24-762:23);

- documentary evidence corroborating this testimony (*e.g.*, Government Exhibit ("GX") 801-A, 902, 903, 2003, 2004);

- contemporaneous emails with Peter Riccio (*e.g.*, GX 7013 (Peter Riccio to defendant and others: "lena -- runs the pharmacy end of both stores in pa, she also should know every other aspect of each store . . she also makes the schedules with [me,] so lena has the most responsibility for these two stores . . she is the queen, the leader, [and] the ceo" (ellipses in original)); GX 5002 (Peter Riccio to defendant: ("you are to run both stores as you feel is correct with my input . . . no one will work for you that you do not want and have trust in" (ellipsis in original)); *see also* GX 5003, 7014, 7015); and

- the defendant's oral and written statements to the Commonwealth of Pennsylvania (Tr. 945:23-946:3 (defendant referring to herself as the "supervising pharmacist for both pharmacies"); GX 3014 (disputing allegations of improper conduct at the "two pharmacies I supervise"); GX 3015 (same)).

The defendant's attempt to distance herself from the operation of Palmer Pharmacy—which, like Hellertown Pharmacy, was engaged in an extensive fraud—has no basis in fact.

                                                      Respectfully submitted,

                                                      PREET BHARARA
                                                      United States Attorney

By:    s/ Daniel C. Richenthal
        Daniel C. Richenthal
        Kristy J. Greenberg
        Assistant United States Attorneys
        (212) 637-2109/2469

cc:    (by ECF)

Louis M. Freeman, Esq.