# GALLET DREYER & BERKEY, LLP
ATTORNEYS AT LAW

October 21, 2015

**BY ECF**

Hon. Naomi Reice Buchwald
United States District Court
Daniel P. Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007

Re: United States v. Lena Lasher
    Docket No. 12 Cr. 868 (NRB)

Dear Judge Buchwald:

     This firm represents defendant Lena Lasher on her appeal to the United States Court of Appeals for the Second Circuit. Yesterday, in determining our motion for bail pending appeal which we brought directly to the Second Circuit, the Circuit stayed Ms. Lasher's surrender order for the purpose of allowing counsel to move first in this Court for bail pending appeal. A copy of the Second Circuit's order is attached hereto. In the wake of that order, and without either consultation or prior notice to counsel, the Government filed a letter to this Court requesting a new surrender date of November 4, 2015. The Government's request is premature and should be denied.

## Background

     On September 2, 2015, this Court sentenced Lena Lasher to three years' imprisonment, to be followed by two years' supervised release and a forfeiture of $2.5 Million. At that time the Court ordered Ms. Lasher to surrender to the designated Bureau of Prisons Facility by today, October 21, 2015, at 2:00 p.m. Ms. Lasher's trial counsel, Louis Freeman, Esq., did not move this Court for bail pending appeal at the time of sentence. Mr. Freeman filed a Notice of Appeal on September 11, 2015, shortly after which members of Ms. Lasher's family retained this firm to represent her on appeal to the Second Circuit.

     Cognizant of the looming surrender date of October 21st, we worked quickly to digest the 2,000 page transcript and research the legal issues likely to result in reversal [18 U.S.C. §3143(b)(1)(B)], before filing our bail motion directly in the Second Circuit on October 2, 2015. Oral argument was held yesterday, after which the Second Circuit issued the stay of surrender. The complexity of the issues and the speed with which we were required to raise them in light of the surrender date, should sufficiently refute the Government's spurious allegation that our actions were or are "for the purpose of delay." Government's letter of 10/20/15 at p. 2. As the

## GALLET DREYER & BERKEY, LLP

Hon. Naomi Reice Buchwald
U.S. v. Lasher, 12 CR. 868(NRB)
October 21, 2015
Page 2

Second Circuit implicitly recognized in yesterday's order, we have raised an important issue,[1] which must be fully and carefully considered by this Court.

### The Government's Request

The Government's letter states: "While the Court could wait to receive the defendant's motion before setting a new date, the Government believes it better to set one now, so that the Federal Bureau of Prisons and Pretrial Services have a date upon which they may reasonably rely and the defendant may make arrangements to surrender on a date certain." Government's Letter of 10/20/15 at p. 2. The Government then requests November 4, 2015 as the surrender date. It is unfortunate that the Government neglected to notify or consult with counsel before requesting a surrender date only two weeks from today. The request is premature and the date unworkable in view of what must now occur in light of yesterday's order.

Presumably, after we meet the Second Circuit deadline "within seven days of entry of this order," the Government will require time to respond to the important issues raised therein. Then, this Court will have to consider the submissions of both parties before rendering its decision. Should this Court deny bail pending appeal, we will then seek review of that denial by the same panel of the Second Circuit which issued yesterday's order. Using our experience as a guide, we filed our bail motion on October 2nd and the Circuit calendared it for oral argument on October 20th. Clearly, the Government's scheduled surrender date cannot accommodate what must transpire with regard to the bail application. To borrow the Government's words, the Court should "…wait to receive the defendant's motion before setting a new date…."

For these reasons, the Court should deny the Government's application to set a definite surrender date at this time.

Respectfully submitted,

Roger L. Stavis

RLS/ms
cc: All Counsel

---

[1] We have ordered an audio tape of yesterday's oral argument and will include a transcript of it with our submission. That, rather than the Government's partisan opinion, will accurately represent the Second Circuit's preliminary view of the important issue being raised. Indeed, the Government's pre-judgment of our motion as "meritless" [Government's letter at p.2] is curious in light of the Second Circuit's decision of yesterday to stay the surrender and enable defense counsel to cure the procedural impediment in not having moved first before this Court. Had our bail application truly been as "meritless" as the Government now claims, the Second Circuit surely would have denied it outright.

S.D.N.Y.
12-cr-868-2
Buchwald, J.

# United States Court of Appeals
FOR THE
SECOND CIRCUIT

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of October, two thousand fifteen.

PRESENT:

    Jon O. Newman,
    Ralph K. Winter,
    José A. Cabranes,
              *Circuit Judges.*

---

United States of America,

               *Appellee,*               **ORDER**

    v.                                             15-2915-cr

Lena Lasher,

               *Defendant-Appellant.*

---

On October 2, 2015, defendant-appellant Lena Lasher moved for bail pending appeal. The Government opposed Lasher's motion.

The motion is DENIED. Because Lasher did not move in the District Court for an order continuing her release pending appeal, the present motion is improperly brought in this Court. We therefore "deny the motion, without prejudice to [her] seeking such relief in the district court" within seven days of entry of this order. *See United States v. Hochevar*, 214 F.3d 342, 342 (2d Cir. 2000). The surrender order is hereby STAYED pending further order of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

CERTIFIED COPY ISSUED ON OCTOBER 20, 2015