

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

April 25, 2017

**By ECF**

The Honorable Naomi Reice Buchwald
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse, Room 2270
500 Pearl Street
New York, New York 10007

        Re:    *United States* v. *Lena Lasher*,
              S5 12 Cr. 868 (NRB)

Dear Judge Buchwald:

      The Government respectfully writes in response to Lena Lasher's most recent *pro se* motion in the above-captioned matter (Docket Entry No. 325 ("Mot.")), requesting the Court to order the Government to "stop . . . from expoliating exculpatory evidence . . . previously withheld." (Mot. 1). The Government interprets this motion as request for the Government to be ordered not to engage in spoliation, that is, "the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation," the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation," *West* v. *Goodyear Tire & Rubber Co.*, 167 F.3d 776, 779 (2d Cir. 1999). This motion should be denied on the merits with respect to all materials except for the digital video recorder ("DVR") that was the subject of Lasher's prior *pro se* motion, and should be denied as moot with respect to the DVR.

      As an initial matter, the Government is unaware of any authority that the doctrine of spoliation applies to evidence that remains in the custody of the Government after a criminal case is closed and judgment is final. As described in the Government's letter of March 3, 2017, responding to Lasher's prior motion, a convicted defendant has no free-standing right to discovery. Rather, a discovery request must be tethered to and authorized as part of seeking to advance a timely post-conviction claim recognized by law. Lasher has neither filed nor asserted that she intends to file such a motion. And in any event, as also described in the Government's letter of March 3, 2017, other than the DVR, the materials that Lasher asserts are "exculpatory" were all previously provided to her prior to trial, with the exception of a hard drive containing surveillance footage of the outside of the Hellertown and Palmer pharmacies, were also *re*-provided to her after trial, and in any event, are anything but exculpatory. Lasher is not entitled to be provided with copies of these same materials yet again, and accordingly has no right to demand that the Government retain them, to the extent it has them, indefinitely (although the Government does not intend to treat such materials differently in this case than they would be treated in any other case,

Honorable Naomi Reice Buchwald
United States District Judge
April 25, 2017
Page 2

which means they would be retained until destroyed pursuant to applicable agency and Department of Justice disposition schedules).  Lasher's motion with respect to such materials should accordingly be denied on the merits.

That leaves the DVR.  With respect to the DVR, as described in greater detail in the Government's letter of March 3, 2017, the record to date appears to indicate that while the defendant was made aware in discovery of the DVR, and had an opportunity to examine it, its contents were not provided to the defendant, despite an apparent request for them, and while there is no reason whatsoever to believe that those contents are exculpatory, the Government is working with information technology personnel to explore whether any or all of the contents may be extracted and then provided to the Lasher.  Because that work continues, and because it appears that the contents of the DVR were not previously provided to Lasher, the Government does not intend to dispose of the DVR until at least such time as any litigation concerning it is complete and any resulting judgment is final.  In light of this representation, the Court should deny Lasher's motion as to the DVR as moot.

        Respectfully submitted,

        PREET BHARARA
        United States Attorney

By:   s/ Daniel C. Richenthal
      Daniel C. Richenthal
      Kristy J. Greenberg
      Assistant United States Attorneys
      (212) 637-2109/2469

cc:   (By First Class Mail)

    Lena Lasher
    Federal Register Number 67662-054
    FCI Danbury
    Federal Correctional Institution
    Route 37
    Danbury, CT 06811