

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

August 1, 2017

**By ECF**

The Honorable Naomi Reice Buchwald
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse, Room 2270
500 Pearl Street
New York, New York 10007

>  Re:   *United States* v. *Lena Lasher*,
>         S5 12 Cr. 868 (NRB)

Dear Judge Buchwald:

     The Government respectfully writes in response to two of Lena Lasher's most recent *pro se* motions in the above-captioned matter, seeking (a) the issuance of a subpoena for certain phone records of a cooperating witness against Lasher at trial (Docket Entry No. 341) and (b) the return all property seized from Lasher's residence or automobile (Docket Entry No. 342). Each of these motions should be denied.

I.     Lasher's Motion for the Issuance of a Subpoena (Docket Entry No. 341)

     The Government is unaware of any authority permitting a convicted defendant, against whom judgment is final, to seek authorization from a court for issuance of a subpoena, much less for one in these circumstances, in which the defendant seeks to subpoena toll records, from five years ago, of a cooperating witness, who the defendant asserts committed perjury when testifying against the defendant at trial. Even if the Court had authority to grant such a request, it should decline to do so here. Lasher fails to explain cogently how the toll records she seeks, even assuming they exist, could reasonably demonstrate that the cooperating witness she identifies, Dr. Anu Konakanchi, committed perjury at trial, much less did so on a subject material to the jury's determination of Lasher's guilt. *Cf. Cardoso* v. *United States*, 642 F. Supp. 2d 251, 265 (S.D.N.Y. 2009) (a habeas movant is only entitled to discovery upon demonstrating "good cause," which "requires 'specific allegations' showing 'reason to believe that the [movant] may, if the facts are fully developed, be able to demonstrate that he is entitled to relief'" (quoting *Bracy* v. *Gramley*, 520 U.S. 899, 908-09 (1997) (ellipsis incorporated)). On the contrary, it appears that Lasher seeks phone records not to attempt to prove a claim that could properly come before this Court, but so that she may attempt to demonstrate, presumably in another forum, that Dr. Konakanchi violated the Pennsylvania Medical Practice Act. (*See* Docket Entry No. 341, at 3.).

Honorable Naomi Reice Buchwald
United States District Judge
August 1, 2017
Page 2

II.   Lasher's Motion for the Return of All Property Seized from Her Residence or Automobile (Docket Entry No. 342)

Lasher's motion for return of property should also be denied.  That motion is governed by Federal Rule of Criminal Procedure 41(g), which provides in pertinent part, "A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return."  However, Rule 41(g) also provides that "[t]he motion must be filed in the district where the property was seized."  With respect to the property seized from Lasher's residence and automobile, that district is New Jersey, not the Southern District of New York.  Lasher's motion may be denied on this basis alone.  In any event, to prevail on a Rule 41(g) motion, the moving party "must demonstrate that (1) he is entitled to lawful possession of the seized property; (2) the property is not contraband; and (3) either the seizure was illegal or the government's need for the property as evidence has ended."  *United States* v. *Van Cauwenberghe*, 827 F.2d 424, 433 (9th Cir. 1987).  Lasher does not acknowledge, much less meet, these requirements.  Nor could she.  The property to which Lasher refers was lawfully seized pursuant to a search warrant, was made available in discovery to Lasher, and a portion thereof was used at trial—the outcome of which Lasher continues to seek to challenge.  Accordingly, the Government's potential "need for the property as evidence" has not ended.  Nor would Lasher be entitled to all she requests even if she ceased entirely to seek to challenge her conviction, because at least a portion of what she requests was used in the commission of her crimes, and thus may not be returned.  *See, e.g.*, *Sash* v. *United States*, No. 09 Civ. 450, 2009 WL 3007379, at *5 (S.D.N.Y. Sept. 22, 2009) ("[I]t makes scant sense to return to a convicted drug dealer the tainted tools used or intended to be used in his illegal trade when the same were lawfully seized." (internal quotation marks omitted)).[1]

---

[1]   Notwithstanding the foregoing, the Government has asked the Drug Enforcement Administration to re-review the seized property, and if some may be returned to Lasher or her designee, the Government will do so.

Honorable Naomi Reice Buchwald
United States District Judge
August 1, 2017
Page 3

                                        Respectfully submitted,

                                        PREET BHARARA
                                        United States Attorney

By:    s/ Daniel C. Richenthal
        Daniel C. Richenthal
        Kristy J. Greenberg
        Assistant United States Attorneys
        (212) 637-2109/2469

cc:    (By First Class Mail)

      Lena Lasher
      Federal Register Number 67662-054
      FCI Danbury
      Federal Correctional Institution
      Route 37
      Danbury, CT 06811