UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------X

UNITED STATES OF AMERICA,

       - against -

                        **MEMORANDUM**

LENA LASHER,

                  12 Cr. 868 (NRB)

             Defendant.

---------------------------------X
**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

    In May of 2015, Ms. Lasher was convicted of conspiracy to misbrand prescription drugs and mail and wire fraud by operating a back-door scheme to fill thousands of prescriptions for addictive painkillers – including oxycodone – issued by doctors who never met or consulted with patients. United States v. Lasher, 661 F. App'x 25, 26 (2d Cir. 2016), cert. denied, 137 S. Ct. 2254 (2017). She received a three-year sentence – sixteen years below the bottom of the applicable Guidelines range – and her conviction and sentence were affirmed on appeal. Id. at 29.

    Apparently unable to accept either intellectually or emotionally the realities of her conduct and subsequent conviction and move on to a new chapter of her life after completing her sentence, Ms. Lasher has instead engaged in a multi-year vendetta to overturn her conviction and retaliate against those involved in her trial by filing numerous and

uniformly unsuccessful post-trial motions as well as civil lawsuits against her trial and appellate counsel, DEA agents who investigated her case, the undersigned, and, as relevant here, the witnesses who testified against her. See, e.g., Lasher v. Freeman, No. 17 Civ. 6388 (NRB) (S.D.N.Y.); Lasher v. Stavis, No. Civ. 6632 (JPO) (S.D.N.Y.); Lasher v. Popowich, No. 17 Civ. 12061 (ES) (JAD) (D.N.J.); Lasher v. Buchwald, No. 18 Civ. 1829 (CM) (S.D.N.Y.).

Of particular relevance here is Lena Lasher v. Peter Riccio, et al., Civ. Act. MID L 007984-18 (N.J. Sup. Ct.) (the "Civil Action").

After Ms. Lasher had filed the Civil Action inter alia against six witnesses who testified at her criminal trial (the "Witnesses"), the Government moved in April of 2019 for an order to show cause as to why Ms. Lasher should not be ordered to cease pursuing the Civil Action against the Witnesses, including Dr. Anu Konakanchi. ECF No. 423. The authority for the Government's application was 18 U.S.C. § 1514(b)(1), which provides that "[a] United States district court . . . shall issue a protective order prohibiting harassment of a victim or witness in a Federal criminal case . . . if the court, after a hearing, finds by a preponderance of the evidence that harassment of an identified victim or witness in a Federal criminal case or investigation exists." The Court granted the

Government's motion, citing to case law supporting its conclusion that post-conviction lawsuits can constitute harassment of a witness under § 1514,[1] and entered an order directing Ms. Lasher to cease pursuing the Civil Action against the Witnesses and to refrain from pursuing any additional civil actions against the Witnesses without prior written leave of the Court for a period of three years, subject to renewal for good cause show.  ECF No. 431 (the "June 3 Order").  The Second Circuit subsequently affirmed the June 3 Order, dismissing Ms. Lasher's appeal as lacking "an arguable basis in law or fact." United States v. Riccio, No. 19-1748, 2020 WL 1310526, at *1 (2d Cir. Jan. 15, 2020).[2]

---

[1]    See United States v. Lewis, 411 F.3d 838, 846 (7th Cir. 2005) (concluding "that the district court was authorized to enter a protective order enjoining Lewis from pursuing or instituting any new litigation" against criminal trial witness); United States v. Tison, 780 F.2d 1569, 1573 (11th Cir. 1986) (enjoining "defendant from commencing the civil action or undertaking any other 'course of conduct' to harass the witness" pursuant to 18 U.S.C. § 1514(b)(1)).

[2]    In its dismissal, the Circuit warned that, because Ms. Lasher "ha[d] filed several other frivolous matters in the Court . . . [,] the continued filing of duplicative, vexatious, or clearly meritless appeals, motions, or other papers could result in the imposition of a sanction that would require Appellant to obtain permission from this Court prior to filing any further submissions in this Court (a 'leave-to-file' sanction)." Id.  The Circuit subsequently imposed such a sanction on April 29, 2021.  The Supreme Court has likewise directed its Clerk of Court not to accept any further petitions in noncriminal matters from Ms. Lasher unless the docketing fee is paid, "[a]s petitioner has repeatedly abused th[e] Court's process."  Lasher v. United States, No. 20-7831, 2021 WL 2044668, at *1 (U.S. May 24, 2021).  In total, the Supreme Court has denied Ms. Lasher's petitions for writs of certiorari 16 times in the past five years.

On July 1, 2019, the Court held a hearing at which Ms.
Lasher was informed that an appeal of the dismissal of the Civil
Action would be a violation of the June 3 Order.  Tr. of
Proceedings (July 1, 2019) (ECF No. 465) at 10-11.  Despite this
admonishment, in March of 2020, Ms. Lasher filed her notice of
appeal of the dismissal of the Civil Action, and in December of
2020, filed a brief in the Superior Court of New Jersey,
Appellate Division (the "Appellate Division") seeking, inter
alia, reversal of the trial court's dismissal of Dr. Konakanchi
from the Civil Action.

The Government then filed a letter seeking to have this
Court enforce the June 3 Order and direct Ms. Lasher to dismiss
the appeal as against Dr. Konakanchi.  ECF No. 522.  The Court
granted the application, and on February 12, 2021 issued an
order (the "February 12 Order") directing Ms. Lasher to inform
the Appellate Division that it was not her intent to appeal the
dismissal of the Civil Action as against Dr. Konakanchi and
further cautioning her that any effort to pursue the appeal as
to Dr. Konakanchi would result in an order to show cause why she
should not be held in contempt.  ECF No. 534.

Again, Ms. Lasher refused to obey the Court's order.  She
also failed to comply with the Appellate Division's subsequent
directive that she file a partial stipulation of dismissal as to
Dr. Konakanchi, even after she was given a proposed stipulation

4

of dismissal by Dr. Konakanchi's attorney.  ECF No. 538-1; ECF No. 545-12.

Ms. Lasher's correspondence with the Court appears to exhibit a fundamental misunderstanding about the force and effect of the Court's orders.  As Section 1514(b)(E) limits the duration of the effect of the protective order against harassment of witnesses to up to three years, Ms. Lasher appears to believe that after the expiration of this three-year period, she can proceed with her lawsuits against the Witnesses.  This, of course, is not the case.  Leaving aside statute of limitations issues with the Civil Action which were apparent at the outset of that case, the law does not allow Ms. Lasher, or anyone, to file frivolous or vexatious lawsuits for the purpose of harassing the Witnesses.  Thus, her purported bases for resisting entry of a stipulation of dismissal with prejudice are meritless.

Despite her failure to abide by this Court's orders, it has never been the desire of this Court to hold Ms. Lasher in contempt, which, as we have warned, could result in her reincarceration.  However, her continued defiance of our order that she end her lawsuit against Dr. Konakanchi may well leave us with no choice.  It is our sincere hope that her compliance with the February 12 Order – or else the Appellate Division's dismissal of the appeal as to Dr. Konakanchi on its own motion –

will bring this long-standing matter to an end without exposing
Ms. Lasher to a return to prison.


Dated:     New York, New York
           August 26, 2021



           _____
           NAOMI REICE BUCHWALD
           UNITED STATES DISTRICT JUDGE

**Defendant (pro se)**
Lena Lasher

**A copy of the foregoing Memorandum has been sent by mail to:**

Lena Lasher
16 Patton Street
High Bridge, NJ 08829